1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RAFAEL ORDAZ,

                Plaintiff,

   v.

HAROLD TATE, et al.,

                Defendants.

_____ /

CASE NO. 1:07-CV-00634 AWI DLB PC

FINDINGS AND RECOMMENDATIONS
RECOMMENDING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTIVE RELIEF
BE DENIED

OBJECTIONS DUE IN 30 DAYS

(Doc. 9)

12    Plaintiff Rafael Ordaz ("plaintiff") is a state prisoner proceeding pro se in this civil rights

13 action pursuant to 42 U.S.C. § 1983.  Plaintiff filed a complaint in this action on April 26, 2007.

14 On May 17, 2007, plaintiff filed a motion entitled "motion for court order" wherein he requests

15 that the court order that the defendants provide him with mobility assistance as outlined in his

16 previous filings so that he can litigate his case. The court construes this motion as a motion for a

17 preliminary injunction.

18    The purpose of a preliminary injunction is to preserve the status quo if the balance of

19 equities so heavily favors the moving party that justice requires the court to intervene to secure

20 the positions until the merits of the action are ultimately determined.  University of Texas v.

21 Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who

22 "demonstrates either (1) a combination of probable success and the possibility of irreparable

23 harm, or (2) that serious questions are raised and the balance of hardship tips in its favor."

24 Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either

25 approach the plaintiff "must demonstrate a significant threat of irreparable injury."  Id.  Also, an

26 injunction should not issue if the plaintiff "shows no chance of success on the merits."  Id.  At a

27 bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or

28 questions serious enough to require litigation."  Id.

1   Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court

2 must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95,

3 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of

4 Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los

5 Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or

6 controversy before it, it has no power to hear the matter in question.  Id.

7   In this instance, there is not yet an actual case or controversy before the court.  Plaintiff's

8 case has not yet been screened by the court. The will not be an actual case or controversy until

9 the court makes a finding that plaintiff's compliant states cognizable claims for relief under

10 federal law against one or more of the named defendants.  Once that occurs, the court will not

11 have any jurisdiction over the named defendants until they are served with process and make an

12 appearance in this action.

13   Assuming that the court makes such a finding and one or more defendants are served and

14 make an appearance in this action, plaintiff will still not be entitled to the relief he seeks in his

15 motion.  Plaintiff's initial 1983 claims arise from the fact that he does not  have a walking cane.

16 This court has no authority to order that state officials provide a cane, or any other mobility

17 assistance  to a state prisoner.  Based on the foregoing, it is HEREBY RECOMMENDED that

18 plaintiff's motion for preliminary injunctive relief be DENIED.

19   These Findings and Recommendations will be submitted to the United States District

20 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

21 **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file

22 written objections with the court.  The document should be captioned "Objections to Magistrate

23 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within

24 the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

25 F.2d 1153 (9th Cir. 1991).

26   IT IS SO ORDERED.

27  **Dated:   May 23, 2007**     **/s/ Dennis L. Beck**

             UNITED STATES MAGISTRATE JUDGE

28