UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ORDAZ, | 1:07-cv-00634-AWI-DLB-P |
|         Plaintiff, | **ORDER ADOPTING FINDINGS AND** |
| vs. | **RECOMMENDATIONS** (Doc. 10) |
| HAROLD TATE, et al., | **ORDER DENYING MOTION FOR** |
|         Defendants. | **PRELIMINARY INJUNCTIVE RELIEF** (Doc. 9) |

     Plaintiff, Rafael Ordaz ("Plaintiff"), is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

     On May 23, 2007, the Magistrate Judge filed Findings and Recommendations that recommended Plaintiff's motion for a preliminary injunction be denied. The Findings and Recommendations were served on Plaintiff and contained notice to Plaintiff that any objections to the Findings and Recommendations were to be filed within thirty (30) days. On June 5, 2007, Plaintiff filed objections to the Magistrate Judge's Findings and Recommendations. On June 18, 2007, Plaintiff filed amended objections to the Magistrate Judge's Findings and Recommendations.

     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court denies the motion.

1

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted).  When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378-79 (1976)), and "[w]hen a state agency is involved, these considerations are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128.

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions.  Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).  The docket reveals that on July 16, 2007, Plaintiff was transferred to Lancaster from Tehachapi.  Because the motion for a preliminary injunction concerns a prison where Plaintiff is no longer housed, the pending motion is moot.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunctive relief, filed May 17, 2007, is DENIED.

IT IS SO ORDERED.

**Dated:    July 27, 2007**                               **/s/ Anthony W. Ishii**
                                                          UNITED STATES DISTRICT JUDGE