IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL S. ORDAZ,<br><br>                                Plaintiff,<br><br>v.<br><br>H. TATE, et al.,<br><br>                              Defendants. | No. 1:07-cv-00634 BLW-MHW<br><br>**ORDER** |

Currently pending before the Court is Defendant's Motion to Modify Scheduling Order (Docket No. 27) and Defendant's Motion to Compel (Docket No. 29). Having carefully reviewed the record, the Court enters will grant both motions.

### I. Background

On October 7, 2008, counsel for Defendants deposed Plaintiff. *Defendant's Motion to Compel, ex. A* (Docket No. 29). Based on Plaintiff's responses, on October 28, 2008, Defendants propounded its first set of interrogatories and a request for production of documents on Plaintiff. Id. at p. 3. Defendants requested, *inter alia*: (1) "the identity of all the doctors Plaintiff has treated with for his back conditions;" (2) "the medical records from those doctors;" and (3) "[information regarding any] prior back injuries Plaintiff sustained." *Id.*, *ex. B* (Interrogatory Nos. 1-3 & 8-10); *and ex. C* (Production Request Nos. 1-3 & 8-9). Defendant further requested "Plaintiff to identify all facts and witnesses and to produce all documents in support of his claim for discrimination based on his disability." *Id*. Finally, Defendants sought to confirm that Plaintiff

**ORDER  - 1 -**

filed a government tort claim to proceed with a malpractice claim associated with the underlying action.  Id.

As to the other motion, on April 28, 2008, Magistrate Judge Dennis L. Beck entered a Scheduling Order providing that "the deadline for the completion of all discovery, including filing motions to compel, shall be December 29, 2008."  (Docket No. 22).  According to Defendants, Plaintiff has not responded to any of their discovery requests and the Defendants assert they need additional time to compel Plaintiff's response to outstanding discovery and conduct any follow-up discovery.  Defendant's Motion to Compel, p. 3 (Docket No. 29). Plaintiff has failed to respond to the underlying motions.

## II.  Legal Standards

Federal Rule of Civil Procedure 26(b) allows "[p]arties [to] obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  "Relevant" is further defined as information that is "reasonably calculated to lead to the discovery of admissible evidence, noting that it "need not be admissible at trial." Fed. R. Civ. P. 26(b)(1). Although relevance has a broad meaning, district courts are given broad discretion to apply discovery rules to properly effect the policy of the Federal Rules of Civil Procedure; namely to "secure the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.

If an answering party fails to adequately respond to discovery requests, the propounding party can move for an order compelling discovery under Federal Rule of Civil Procedure 37(a). Generally, a court should deny a motion to compel only if the information requested falls outside the scope of discovery.  *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir.1992), *cert. denied*, 113 S.Ct. 2336 (1993).  A motion to compel answers

"should be granted if the questions are relevant and proper . . . ."  Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2286 (1994).

With regard to Defendants' motion to Modify Scheduling Order, Federal Rule of Civil Procedure 16(b) requires that such a motion be granted upon a showing of "good cause."  See Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir.1992).

### III.  Analysis

The Court has reviewed the discovery requests and noted Plaintiff's total lack of response and finds the requests relevant to the Defendants' case.  Accordingly, the Court concludes that Plaintiff be required to respond to the outstanding discovery.  Additionally, there is good cause to modify the scheduling order.

### ORDER

IT IS HEREBY ORDERED that Defendant's Motion to Compel Discovery (Docket No. 29) is GRANTED.  Plaintiff shall serve responses to the first set of interrogatories and produce the requested documents within fifteen days of the date of this order.  Failure to comply with this Order may result in sanctions, including dismissal of this action.

IT IS FURTHER ORDERED, based upon good cause, that the Monition to Modify the Scheduling Order (Docket No. 27) will be GRANTED.

The Scheduling Order is modified as follows:

1. The parties may conduct discovery until February 28, 2009, any motions to compel discovery shall be filed by that date, and all requests for discovery pursuant to Federal Rules of Civil Procedure 31, 33, 34, or 36 shall be served no later than forty-five days prior to that date.

2. All other pretrial motions, except motions to compel discovery, shall be filed on or before March 30, 2009.

DATED: January 9, 2009

*/s/ Mikel H. Williams*

Honorable Mikel H. Williams
United States Magistrate Judge

ORDER - 4 -