IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL S. ORDAZ,<br><br>                                        Plaintiff,<br><br>              v.<br><br>H. TATE, et al.,<br><br>                                        Defendants. | Case No. CV 07-00634-BLW-MHW<br><br>**ORDER and REPORT AND RECOMMENDATION** |

Currently pending before the Court is Plaintiff's Motion of Notice to Postpone or Waive Time (Docket No. 31), Plaintiff's Motion of Notice and Time Waiver or Extension (Docket No. 32), Defendants' Motion to Dismiss (Docket No. 34), Plaintiff's Notice of Contentions Motion (Docket No. 36),[1] and Plaintiff's Motion for Court Order of Prerequisites for Discovery (Docket No. 37).

## I.
## Background

On April 26, 2007, Plaintiff Rafael Ordaz filed this 42 U.S.C. § 1983 action. He alleged that Doctors O'Brien and Tate were deliberately indifferent to his serious medical needs by confiscating and denying him use of a walking cane from August 2006 to November 2006 while incarcerated at California Correctional Institution (CCI) in Tehachapi, California.

On January 12, 2009, the Court entered an Order directing Plaintiff to serve responses to

---

[1] Plaintiff's "Notice of Contentions Motion" appears to be a response to Defendants' Motion to Dismiss rather than an actual motion. Accordingly, it will not be treated as a motion and is found to be moot.

**Order - Page 1**

Defendants' first set of interrogatories and produce the requested documents within fifteen days. That order was in response to Defendants' Motion to Compel which sought discovery from Plaintiff regarding issues that arose in Plaintiff's deposition, specifically Plaintiff's assertions that he was making malpractice and discrimination claims against Defendants and that since his release, he had been diagnosed with various back and medical conditions. Discovery was extended to February 28, 2009 and the pretrial motions deadline was set for March 30, 2009.

## II.
## Discussion

### A.      Extension of Time

Plaintiff's Motions of Notice to Postpone/Waive Time or Extension (Docket Nos. 31, 32) indicate that he had been in custody at the county jail medical ward since December 13, 2008, was unable to respond to the Court's order and therefore sought a reasonable extension of time to respond. Because Plaintiff has now filed his responses to the interrogatories as directed by the Court's previous order, these requests for extension of time are deemed MOOT. Plaintiff is reminded of his continuing duty to notify the Clerk of the Court and the parties to this action of any change of address.

### B.      Motion to Dismiss

On March 30, 2009, Defendants filed a Motion to Dismiss because Plaintiff failed to obey and comply with the Court's January 12, 2009 Order which required Plaintiff to serve responses to Defendants' discovery requests. Defendants claim they were prejudiced by the denial of discovery since Plaintiff is asserting state law claims and that he has been diagnosed with various medical conditions since his release from CCI. On May 5, 2009, Plaintiff filed his responses to Defendants' interrogatories.

Order - Page 2

Dismissal of an action is an available sanction if a party fails to obey an order to provide discovery. Fed. R. Civ. P. 37(b)(2)(C). However, "dismissal is authorized only in extreme circumstances and only where the violation is due to willfulness, bad faith, or fault of the party." *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (internal citations and punctuation omitted). Plaintiff has responded to Defendants' discovery requests and his delay does not appear to be in bad faith or willful. The Court does not find that dismissal is warranted here and Defendants' Motion to Dismiss should be denied.

## C.      Protective Order

At the end of Plaintiff's responses to the interrogatories, he requested a protective order from "Defendants attacking a currently sealed avenue to the plaintiff." To the extent that this is a Motion for Protective Order, it is denied. If Plaintiff seeks to have a protective order issued, a motion may be filed in response to a particular discovery request from Defendants. The motion must specify which parts of the discovery request are objectionable and why. Plaintiff shall not file any freestanding protective order motions without there being a pending discovery request. Plaintiff is reminded that the scope of discovery is broad and Defendants must be allowed to access certain information to adequately prepare their defense. Federal Rule of Civil Procedure 26(b) allows "[p]arties [to] obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." The term "relevant" is further defined as information that is "reasonably calculated to lead to the discovery of admissible evidence, and it "need not be admissible at trial." Fed. R. Civ. P. 26(b)(1).

## D.      Modification of Deadlines

The Court will allow Plaintiff an additional 30 days to provide any discovery responses as

required by the Court's January 12, 2009 Order.  The Court will set a discovery deadline for 60

days from the date of this Order and a dispositive motion deadline 90 days from now.

**E.      Plaintiff's Motion for "Court Order of Prerequisites for Discovery"**

In Plaintiff's "Motion for Court Order of Prerequisites for Discovery," he claims that he

needs access to the law library, requires use of a "pro-bono" telephone, and that he needs a court

order to make the requisite four copies of his documents that the district court requires for each

filing.  He also states it may be "easier to appoint counsel."  (Docket No. 37).

As to his first request, there is no Local Rule that requires Plaintiff to file four copies of

each document in his case.  There is no need for a Court Order directing that Plaintiff be

provided with a "private investigator" to make copies for Plaintiff for this reason.   However,

Plaintiff *is* entitled to a reasonable number of copies as required for court filings in his litigation.

*See Gluth v. Kangas*, 951 F.2d 1504, 1510 (9th Cir. 1991).  But an inmate has no right to free and

unlimited photocopying.  *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991).

Plaintiff claims he also needs a "pro bono" telephone to respond to Defendants' discovery

requests.  However, four days after filing his motion, he submitted his answers to Defendants'

interrogatories.  It does not appear that his alleged limited access to a telephone impaired his

ability to respond to Defendants' discovery requests.

Plaintiff also claims that he is not allowed to go anywhere near the law library.  In *Bounds*

*v. Smith*, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional

right of access to the courts requires prison authorities to assist inmates in the preparation and

filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate

assistance from persons trained in the law."  In *Lewis v. Casey*, 518 U.S. 343 (1996), the Court

**Order - Page 4**

explained the limitations of the *Bounds* holding.  There, the Court emphasized that "*Bounds* did

not create an abstract, freestanding right to a law library or legal assistance." 518 U.S. at 351.

   A careful review of the *Casey* decision demonstrates that the Supreme Court has limited

the application of *Bounds* to *initial filings* of prisoner cases involving their convictions or

conditions of confinement.  The *Casey* Court noted that the *Bounds* right is narrowly

circumscribed to ensure that prisoners may initiate their legitimate petitions and complaints, and

that the federal courts should not require the state to provide legal materials to prisoners which

exceed the scope of that right:

> *Bounds* guarantees no particular methodology but rather the conferral of a
> capability–the capability of *bringing* contemplated challenges to sentences or
> conditions of confinement before the courts.  When any inmate, even an illiterate
> or non-English-speaking inmate, shows that an actionable claim of this nature
> which he *desired to bring* has been lost or rejected, or that the *presentation* of
> such a claim is currently being prevented, because *this capability of filing suit* has
> not been provided, he demonstrates that the State has failed to furnish "adequate
> law libraries or adequate assistance from persons trained in the law.*"*  Of course,
> we leave it to prison officials to determine how best to ensure that inmates with
> language problems have a reasonably adequate opportunity to *file* nonfrivolous
> legal claims challenging their convictions or conditions of confinement.  But it is
> that capability *rather than the capability of turning pages in a law library*, that is
> the touchstone.

518 U.S. at 356-57 (internal citation omitted, emphasis added).

   Finally, the Supreme Court opined in *Casey* that "the Constitution does not require that

prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able

*to present* their grievances to the courts–*a more limited capability that can be produced by a*

*much more limited degree of legal assistance*."  518 U.S. at 360 (emphasis added).

   Plaintiff has filed his Complaint.  Because he has not demonstrated that his right to file or

bring a legitimate claim has been impaired, his argument is beyond the scope of the

**Order - Page 5**

constitutional right to access the courts articulated in *Bounds* and *Casey*. The Court is mindful that inmates do not have access to legal research and always conducts its own independent research on all legal issues.[2]

Plaintiff also requests appointment of counsel. In civil cases, counsel should be appointed only in "extraordinary cases." *Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986). To determine whether extraordinary circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1990). Neither factor is dispositive, and both must be evaluated together. *Id.*

Having reviewed the record in this case, the Court concludes that extraordinary circumstances are not present. Plaintiff should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). The Court will deny Plaintiff's request at this time and sua sponte reconsider whether appointment of counsel is necessary when reviewing dispositive motions and accompanying evidence submitted by the parties.

---

[2] It is not clear why Plaintiff was in the county jail medical ward after his release. However, even if Plaintiff was a pretrial detainee at the time he brought this motion, there is no evidence that his lack of access to materials amounted to punishment or that it violated the *Bounds* and *Casey* standards. Pretrial detainees do have a substantive due process right against restrictions that amount to punishment. *United States v. Salerno*, 481 U.S. 739, 746 (1979). This right is violated if restrictions are "imposed for the purpose of punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). There is no constitutional infringement, however, if restrictions are "but an incident of some other legitimate government purpose." *Id.* In such a circumstance, governmental restrictions are permissible. *Salerno*, 481 U.S. at 747.

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1)      Plaintiff's Motion of Notice to Postpone or Waive Time (Docket No. 31) and Plaintiff's Motion of Notice and Time Waiver or Extension (Docket No. 32) are deemed **MOOT**;

2)      Plaintiff's Notice of Contentions Motion (Docket No. 36) is deemed **MOOT**;

3)      Plaintiff's Motion for Court Order of Prerequisites for Discovery (Docket No. 37) is **DENIED**;

4)      Plaintiff's Motion for Protective Order (Docket No. 38) is **DENIED**.

## RECOMMENDATION

Based upon the foregoing, the Court being otherwise fully advised in the premises, the Court **hereby RECOMMENDS that:**

1)      Defendants' Motion to Dismiss (Docket No. 34) should be **DENIED**.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636(b)(1).  The document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  The parties are advised that as result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: July 20, 2009

_____
Honorable Mikel H. Williams
United States Magistrate Judge