IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL S. ORDAZ,<br><br>                            Plaintiff,<br><br>v.<br><br>H. TATE, et al.,<br><br>                            Defendants. | Case No. CV 07-00634-BLW-MHW<br><br>**REPORT and RECOMMENDATION<br>and ORDER** |

Currently pending before the Court are Plaintiff's Motion for Discovery (Docket No. 47), Plaintiff's Motion for Court Order or Subpoena (Docket No. 48), Defendants' Motion to Dismiss Action or Claims Based on Plaintiff's Failure to Obey Court Orders (Docket No. 49), Plaintiff's Motion for Appointment of Counsel (Docket No. 50), and Plaintiff's Contemporaneous Objection and Motion for Informal Discovery Compliance (Docket No. 54).

## REPORT
### I.
### Background

Plaintiff Rafael Ordaz's § 1983 stems from allegations that Defendants O'Brien and Tate were deliberately indifferent to his medical needs. During the course of Plaintiff's deposition on October 7, 2008, he indicated that he was also asserting claims for medical malpractice and discrimination. On September 8, 2009, the Court issued an order denying Defendants' motion to dismiss and ordered the parties to confer in effort to resolve their remaining discovery disputes. The parties talked over the telephone and exchanged letters in an effort to resolve their discovery

disputes. Some matters remain unresolved and motions have been filed in regard to these discovery issues.

## II.
## Discussion

Plaintiff has filed several motions seeking discovery (Docket No. 47, 48 & 54). Plaintiff complains that documents from his central and medical files are missing, including medical records, and that Defendants have failed to produce these documents (Docket No. 48). Plaintiff also seeks an order requiring Defendants to respond to set-one of his interrogatories. (Docket No. 54). Lastly, Plaintiff seeks appointment of counsel, claiming that he suffers from serious mental illnesses and is confined to a wheelchair (Docket No. 50). Defendants have filed a motion to dismiss seeking that either the action in its entirety be dismissed, or at the least, Plaintiff's claims for medical malpractice/negligence and discrimination be dismissed because Plaintiff has failed to comply with the Court's Order (Docket No. 46) and has not produced any documents nor has he exchanged information in support of his claim for discrimination and state law negligence. (Docket No. 49).

### A.     Plaintiff's Discovery Motions

Plaintiff contends that there are documents missing from the files turned over by Defendants. Plaintiff seeks a court order compelling the production of documents, to which the Defendants respond that they have turned over all the documents they have access to. If Defendants have anything further that they have not produced that is relevant to the claims and issues in the case, then they shall provide it to Plaintiff within 14 days of this order. However, Plaintiff is reminded that a party cannot produce what it does not have. Plaintiff's motions (Docket Nos. 47 & 48) are granted in part and denied in part.

In response to Plaintiff's motion to compel response to interrogatories, Defendants argue that the motion was not filed before the close of discovery on November 23, 2009 and Plaintiff did not timely serve his interrogatories, that is, he did not serve them 45 days before the discovery deadline as required by Court order (Docket No. 30, 46). The Court agrees that Plaintiff's motion was not timely filed and that the interrogatories were not filed within the time set by earlier order. Moreover, the Court has reviewed Plaintiff's interrogatories and finds that they are not reasonably calculated to lead to the discovery of admissible evidence as required by Rule 26 as they are argumentative and conclusory. Plaintiff's motion (Docket No. 54) is denied.

**B.     Defendants' Motion to Dismiss**

Defendants seek dismissal of this case due to Plaintiff's failure to comply with the Court's order to produce documents and exchange information. Defendants claim they have been prejudiced by Plaintiff's continued failure to cooperate with discovery. During the course of the parties "meet and confer," after Defendants produced the central and medical files in their possession, Plaintiff stated that he had some medical documents in his possession that were not in the files produced by Defendants. Plaintiff has not provided these documents to Defendants. Defendants also submit that Plaintiff had previously represented that he had no documents in his possession and now claims that he has medical documents relevant to his claims.

Dismissal of an action is an available sanction if a party fails to obey an order to provide discovery. Fed. R. Civ. P. 37(b)(2)(A)(v). However, "dismissal is authorized only in extreme circumstances and only where the violation is due to willfulness, bad faith, or fault of the party." *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (internal citations and punctuation omitted).

Plaintiff shall be given 14 days from date of this Order to provide to Defendants any documents that he has in his possession that have not been turned over to Defendants and to provide any additional information regarding his negligence and discrimination claims. Plaintiff shall indicate to defense counsel whether he is unable to make copies of the documents in his possession. In that situation, Plaintiff and defense counsel should arrange for defense counsel to obtain these documents from Plaintiff in order to make copies. If these documents are not provided to Defendants, Plaintiff will be prohibited from using any of these documents, or other information he has not provided to the Defendants, in any opposition to dispositive motions or in trial.

The Court recommends that Defendants' motion to dismiss be denied. Plaintiff has, for the most part, cooperated in the discovery process, including having his deposition taken. The Court does not find that the circumstances have risen to the degree of bad faith or willfulness that would required dismissal.

**C.      Plaintiff's Motion to Appoint Counsel**

Plaintiff seeks appointment of counsel, claiming that he suffers from serious mental illnesses and is confined to a wheelchair. (Docket No. 50). In civil cases, counsel should be appointed only in "extraordinary cases." *Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986). To determine whether extraordinary circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1990). Neither factor is dispositive, and both must be evaluated together. *Id*.

Plaintiff should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a Court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.*

The Court finds that extraordinary circumstances do not exist here. There is no indication in the record that Plaintiff's mental health conditions render him unable to litigate his case in an appropriate manner. Plaintiff may have some chance of success on the merits of some of the claims; however, the standard of law for deliberate indifference is extremely high and requires the jury to find a subjective component to the Defendants' behavior. *Cf. Ledford v. Sullivan*, 105 F.3d 354, 359 (7th Cir. 1997). Plaintiff has effectively argued his position in pleadings up to this point. The Court will not appoint counsel at this time.

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1) Plaintiff's Motion for Discovery (Docket No. 47) is **DENIED;**

2) Plaintiff's Motion for Court Order or Subpoena (Docket No. 48) is **GRANTED IN PART and DENIED IN PART**;

3) Plaintiff's Motion for Appointment of Counsel (Docket No. 50) is **DENIED**;

4) Plaintiff's Contemporaneous Objection and Motion for Informal Discovery Compliance (Docket No. 54) is **DENIED**; and

5) Plaintiff must provide documents and information within 14 days or will prohibited from using such in these proceedings. Dispositive motions are due within 60

days.

## RECOMMENDATION

Based upon the foregoing, the Court being otherwise fully advised in the premises, the Court **hereby RECOMMENDS that:**

1) Defendants' Motion to Dismiss Action or Claims Based on Plaintiff's Failure to Obey Court Orders (Docket No. 49) should be **DENIED**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1). The document should be captioned "Objections to Magistrate Judge's Report and Recommendation." The parties are advised that as result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.



DATED: February 9, 2010

Honorable Mikel H. Williams
United States Magistrate Judge